IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENISE FREEMAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ALLENTOWN SCHOOL DISTRICT | : | NO. 15-59 |

MEMORANDUM

STENGEL, J.                                                                                                    JANUARY 14, 2015

Plaintiff Denise Freeman brings this action against the Allentown School District, where her daughter attends school. She also filed a motion to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss the complaint.

I.     FACTS

Plaintiff alleges that the Allentown School District failed to release her daughter's records to her in a timely manner, and cites 20 U.S.C. § 1232g as the basis for her claims.[1] In her request for relief, she states that she would "like to view [her] child's records and work with the teacher to have [her daughter] receive a quality education."

In an attachment to the complaint, plaintiff alleges that she is concerned about her "child's health, social, emotional and academic development." The basis for that statement is plaintiff's dissatisfaction with her daughter's kindergarten report card. Plaintiff believes that the report card does not reflect her daughter's abilities because her daughter performs well in reading

---

[1] In her *in forma pauperis* application, plaintiff identifies the child as her granddaughter, but refers to her in the complaint as "my child."

1

at home.[2] Accordingly, plaintiff "requested [her daughter's] daily records." Plaintiff further alleges that, on a day when the teacher was absent, another student put scissors up to her daughter's head to cut her hair.

Plaintiff also attached to her complaint a copy of a letter she sent to the school Superintendent. In her letter, plaintiff states that: (1) she wants kindergarten to be a good experience for her daughter; (2) her daughter's kindergarten teacher is very good; (3) another student tried to put clay in her daughter's hair one day but her daughter told the other student to stop; (4) the same student and plaintiff's daughter do not always get along outside of school; (5) plaintiff does not think changing classes would be in her daughter's best interest; and (6) plaintiff wants to observe her child in class.

## II. STANDARD OF REVIEW

The Court will grant plaintiff leave to proceed *in forma pauperis* as it appears she is incapable of paying the filing fee. As plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint if it is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As plaintiff is proceeding *pro se*, the Court must construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[2] Plaintiff is concerned that the report card reflects her daughter only knows four out of fifty sight words. However, it appears from the report card, which is attached to the complaint, that her daughter was given a performance evaluation of four out of four—rather than an assessment that she knew only four of fifty words—which would indicate that the child performed at an advanced level.

## III. DISCUSSION

Plaintiff brought this lawsuit pursuant to the Family Educational and Privacy Rights Act ("FERPA"), 20 U.S.C. § 1232g. That statute prohibits the federal funding of educational institutions that have a policy denying parents of students the right to review the education records of their children, or that do not provide parents an opportunity to challenge their children's educational records. However, FERPA does not give rise to a private cause of action or create rights that are enforceable under 42 U.S.C. § 1983. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 279 (2002) ("[W]e have never before held, and decline to do so here, that spending legislation drafted in terms resembling those of FERPA can confer enforceable rights"); *Millington v. Temple Univ. Sch. of Dentistry*, Civ. A. No. 04-3965, 2006 WL 83447, at *4 (E.D. Pa. Jan. 9, 2006) ("Because FERPA does not contain either an express or implied private right of action and cannot be enforced by § 1983, Millington cannot state a claim under FERPA."). Nor can the Court discern any other plausible basis for a federal claim. *See Morrow v. Balaski*, 719 F.3d 160, 163-64 (3d Cir. 2013) (en banc) (holding that school had no constitutional duty to protect students from abuse inflicted by fellow student). Accordingly, the Court will dismiss the complaint because there is no legal basis for plaintiff's claims. Plaintiff will not be given leave to amend because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate order follows, which shall be docketed separately.